IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–39–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MARK ROCKWELL GIES, | |
| Defendant. | |

Before the Court is Defendant Mark Rockwell Gies's Unopposed Motion for Early Termination of Supervision. (Doc. 30.) The United States does not oppose. (Doc. 34 at 1.) United States Probation Officer Dave Velasquez supports early termination of supervised release. (Doc. 30 at 1.) For the reasons below, the Court grants the motion.

## Background

On January 11, 2019, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (Doc. 26.) The Court sentenced Defendant to 54 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving her current term of supervision on December 10, 2021. (Doc. 31 at 2.) While on supervised release, Defendant has had no reported violations. (*Id.*)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Here, Defendant has been sober since 2018. (Doc. 31 at 2.) While incarcerated, Defendant completed the Bureau of Prison's Residential Drug Abuse Program. (*Id.* at 1–2.) After his release, he transitioned to Gateway Recovery Center in Great Falls where he completed all aspects of the aftercare program and secured employment opportunities. (*Id.* at 2.) Defendant recently took the initiative

to obtain a chemical dependency evaluation to address any lingering addiction issues. (Docs. 31 at 2–3; 31-3.) None were found. (Docs. 31 at 3; 31-3 at 1–2.)

The Court is impressed with Defendant's commitment to sobriety. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 30) is GRANTED. Mark Rockwell Gies's term of supervised release is TERMINATED as of the date of this Order.

DATED this 8th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court